No. 04-702

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 137N

EARL D. STAFFORD,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Respondent.


APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. CDC-03-265
                    Honorable Kenneth R. Neill, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

              Earl D. Stafford, *Pro Se*, Deer Lodge, Montana

       For Respondent:

              Honorable Mike McGrath, Attorney General; Jennifer Anders,
              Assistant Attorney General, Helena, Montana

              Brant Light, Cascade County Attorney, Great Falls, Montana


                           Submitted on Briefs:  May 3, 2005

                                   Decided:  June 7, 2005

Filed:

                                   Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2     The Eighth Judicial District Court, Cascade County, denied Earl D. Stafford's petition for postconviction relief and Stafford appeals. We affirm.

¶3     In November of 2003, Stafford pled guilty to three counts of incest. He was sentenced to 50 years in prison on each count with 10 years suspended, to run concurrently. He did not appeal.

¶4     In his petition for postconviction relief, Stafford argued that the District Court denied him due process during his sentencing by failing to consider the exceptions to the mandatory minimum sentence, relying upon improper information, failing to give him a suspended sentence and failing to state why it did not consider alternatives to imprisonment. On appeal, he "consolidates" his arguments into one that the District Court denied him due process by failing to consider alternatives to prison when it sentenced him.

¶5     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. All of Stafford's arguments are record-based and could have been raised on appeal.

2

Issues which reasonably could have been raised on direct appeal from a criminal conviction may not be raised in a petition for postconviction relief. Section 46-21-105(2), MCA. The issues raised by Stafford in his petition for postconviction relief are procedurally barred and, as a result, we hold that the District Court did not err in denying the petition.

¶6     Affirmed.


                                        /S/ KARLA M. GRAY


We concur:

/S/ JOHN WARNER
/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS